UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------x

NAILIAH-FEMI BOURNE and GLADSTONE ROBINSON JR.,

Plaintiffs,

-against-

HON. Desmond A. Green J.S.C., et al.,

Defendants.

------------------------------------x

**MEMORANDUM & ORDER**
23-CV-2245 (EK)(PCG)

ERIC KOMITEE, United States District Judge:

Nailah-Femi Bourne and Gladstone Robinson Jr. lost their New York foreclosure case. So, they came to federal court to stop further state proceedings. They claim that state employees, officials, and private individuals connected to their mortgage broker conspired to unlawfully foreclose on their home.[1] They also allege violations of various other federal and state laws.[2]

This case has been stayed for two years after Bourne and Robinson, who are proceeding *pro se*, filed for bankruptcy.

---

[1] The complete list of defendants is: Hon. Desmond A. Green J.S.C., Hon. Stephen J. Fiala, Gregory J. Sanda Esq., Alexa F. Cretti, Anna Michelle Zornek, Annette Scarano, Nick Biada, Alissa Sparceno-Kureczka, Ronald J. Leonhardt Jr., and Victoria Wolff.

[2] In addition to the civil RICO claim, plaintiffs bring claims under 18 U.S.C. §§ 241, 242, 245, 1962, 42 U.S.C. §§ 1983, 1985, the Administrative Procedure Act, the Home Mortgage Disclosure Act, the Civil Rights Act of 1866, 5 U.S.C. § 522a(b), the Contracts Clause of the U.S. Constitution, and for breach of contract, breach of fiduciary duty, nuisance, invasion of privacy, and defamation. Plaintiffs also assert other claims the Court had difficulty construing.

But the stay was lifted on April 29 and, since then, Bourne and Robinson have failed to comply with the Court's orders, to oppose the defendants' motions, or to communicate with the Court in any manner. In short, they have failed to prosecute this case. The case is therefore dismissed.

## I. Procedural History

Two years ago, this Court stayed these proceedings pending resolution of plaintiffs' bankruptcy. *See* Ord. Staying Case, ECF No. 78. That paused disposition of several pending motions, including defendants Victoria Wolff and Ronald Leonhardt Jr.'s motion to "quash service of process." ECF No. 38.

In March, the Court directed the parties to file periodic joint status reports on the bankruptcy proceedings. *See* Docket Order dated March 30, 2026. The defendants filed a letter informing the Court that the bankruptcy stay had been lifted. The plaintiffs, however, did not contribute to the report. *See* Status Report, ECF No. 83. The Court then lifted the bankruptcy stay. *See* Docket Order dated April 29, 2026.

The Court referred several motions to Magistrate Judge Peggy Cross-Goldenberg, including the request to "quash service of process." *See* Docket Order dated June 1, 2026. Judge Cross-Goldenberg held a status conference on July 8, 2026, but the plaintiffs failed to appear. *See* Minutes Entry dated July 8,

2026. Judge Cross-Goldenberg subsequently posted an Order that directed the plaintiffs to respond to the defendants' "motion to quash service" or file proper proof of service no later than August 11, 2026. *See* Docket Order dated July 14, 2026. Once again, plaintiffs did not respond.

At that point, the undersigned entered an Order directing plaintiffs to comply with Judge Cross-Goldenberg's Order by August 28, 2026. *See* Docket Order dated August 19, 2026. The Court also directed the plaintiffs to file a letter by that date explaining "why the claims in this case should not be dismissed either as moot, for failure to prosecute this action, or both." *Id.* That same Order directed the defendants to serve a copy of the Court's August 19 Order on plaintiffs and to note proof of service on the docket. *Id.* However, defendants did not do so until the day of the deadline, August 28. *See* Certificate of Service, ECF No. 86.

As a result, the Court extended the plaintiffs' deadline to respond to the Court's August 19 Order *nunc pro tunc* to September 4, 2026. The Clerk of Court mailed a copy of the docket to plaintiffs. *See* Mailing Entry dated 8/31/2026. Plaintiffs did not respond.

## II. Legal Standard

Under Rule 41(b) of the Federal Rules of Civil Procedure, an action may be dismissed if "the plaintiff fails to

prosecute or to comply with these rules or a court order." Fed. R. Civ. P. 41(b). Such dismissals are "largely a matter of the [district] judge's discretion." *Taub v. Hale*, 355 F.2d 201, 202 (2d Cir. 1966).[3]

In the Second Circuit, district courts consider five factors before dismissing a case under Rule 41(b): whether "(1) the plaintiff's failure to prosecute caused a delay of significant duration; (2) plaintiff was given notice that further delay would result in dismissal; (3) defendant was likely to be prejudiced by further delay; (4) the need to alleviate court calendar congestion was carefully balanced against plaintiff's right to an opportunity for a day in court"; and (5) "the efficacy of lesser sanctions." *U.S. ex rel. Drake v. Norden Syst's., Inc.*, 375 F.3d 248, 254 (2d Cir. 2004). No one factor is dispositive, and a court must review the record as a whole. *Id.*

## III. Discussion

All five *Drake* factors weigh in favor of dismissal.

First, the plaintiffs caused a delay of significant duration. Although there "is no fixed period of time that must elapse before a plaintiff's failure to prosecute becomes substantial enough to warrant dismissal," "[d]elays of several

[3] Unless otherwise noted, when quoting judicial decisions this order accepts all alterations and omits all citations, footnotes, and internal quotation marks.

months" have been found sufficient. *Caussade v. United States*, 293 F.R.D. 625, 629-30 (S.D.N.Y. 2013) (collecting cases). Here, plaintiffs have failed to comply with the Court's orders since April 13, a delay of five months.

Second, plaintiffs were on notice that failure to respond to court orders could result in dismissal. The Court's August 19 Docket Order told them as much. Courts in this circuit have dismissed for failure to prosecute after one warning to a plaintiff. *See Leybinsky v. United States Citizenship and Immigration Services*, No. 19-CV-6154, 2020 WL 7295661, at *2 (E.D.N.Y. Dec. 2, 2020).

Third, "[p]rejudice to defendants resulting from unreasonable delay may be presumed." *Lyell Theatre Corp. v. Loews Corp.*, 682 F.2d 37, 43 (2d Cir. 1982). A defendant "should not be forced to bear the expense of defending a lawsuit when the plaintiff has shown little or no interest in pursuing that lawsuit." *Baptiste v. Gonzalez*, No. 17-CV-6837, 2020 WL 1165689, at *5 (S.D.N.Y. Mar. 11, 2020). This delay was unreasonable because plaintiffs have not complied with the Court's orders and never informed the Court that the bankruptcy proceedings had ended, even after the Court directed them to do so on April 13. *See* Docket Order dated March 30, 2026.

Fourth, the Court "has a strong interest in managing its docket and cannot indefinitely wait for [plaintiffs] to turn

their attention to this case." *Pena v. Zazzle Inc.*, 587 F. Supp. 3d 109, 114 (S.D.N.Y. 2022). Although the Court's interest in managing its docket must be weighed against plaintiffs' interest in pursuing their claims, "[b]urgeoning filings and crowded calendars have shorn courts of the luxury of tolerating procrastination." *Chira v. Lockheed Aircraft Corp.*, 634 F.2d 664, 668 (2d Cir. 1980).

Finally, the Court must consider the possibility of lesser sanctions. The Court has done so and "continued to grant [p]laintiff[s] additional chances to comply with the Court's orders as a less drastic sanction than dismissal." *Monge v. Fiesta Lounge & Rest. Corp.*, No. 26-CV-3679, 2026 WL 2532307, at *1 (S.D.N.Y. Aug. 27, 2026). But plaintiffs have not responded and appear to have no interest in continuing this litigation. Dismissal is therefore warranted.

## IV. Conclusion

Plaintiffs' complaint is dismissed in its entirety without prejudice for failure to prosecute. The Clerk of Court

is respectively directed to mail a copy of this Order to plaintiffs and to close the case.

SO ORDERED.

/s/ Eric Komitee
ERIC KOMITEE
United States District Judge

Dated: September 9, 2026
Brooklyn, New York